01
02
03
04
05

06         UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
07                   AT SEATTLE

08  PAUL SIMONDS,                    )   CASE NO. C07-0536-MJP
                                     )
09       Plaintiff,                  )
                                     )
10       v.                          )   REPORT AND RECOMMENDATION
                                     )
11  JUDGE CANBY, et al.,             )
                                     )
12       Defendants.                 )
    _____)
13

14             INTRODUCTION AND SUMMARY CONCLUSION

15      Plaintiff Paul Simonds submitted an *in forma pauperis* (IFP) application and what appears

16  to be a 42 U.S.C. § 1983 complaint raising claims against various judges. (Dkt. 1.) Plaintiff's

17  complaint consists of a jumble of legal phrases and references, with no discernible factual or legal

18  basis provided for his claims. Nor does it provide a specific request for relief.

19      Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may deny an application to proceed IFP

20  and should dismiss an action if, among other things, it is frivolous or the complaint fails to state

21  a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v.*

22  *Doe*, 920 F.2d 614, 616 (9th Cir. 1990). An action is frivolous if "it lacks an arguable basis either

REPORT AND RECOMMENDATION
PAGE -1

in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, plaintiff fails to allege any facts to place defendants on notice of the nature of his claims, to properly request relief, or to otherwise provide any basis for jurisdiction in this Court. *See* Fed. R. Civ. P. 8(a). The complaint also appears to name as defendants governmental actors who enjoy immunity from suit. *See*, *e.g.*, *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *Fry v. Melaragno*, 939 F.2d 832, 835-36 (9th Cir. 1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 520 (1985)). Because this action appears frivolous and fails to state a claim upon which relief can be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6).

It should also be noted that a number of other cases filed by plaintiff in this Court have been deemed frivolous. *See*, *e.g.*, *Simonds v. Zilly*, No. C06-1385-RSL (Dkt. 7); *Simonds v. Canby*, No. C06-1383-JCC (Dkts. 2 & 6); *Simonds v. Fox*, No. 06-1384-RSM (Dkts. 2 & 11). The Court advises plaintiff of his responsibility to research the facts and law before filing an action to determine whether his action is frivolous. If he files a frivolous action, he may be sanctioned. *See* Fed. R. Civ. P. 11. The court would likely impose a sanction of dismissal on any frivolous action. If plaintiff files numerous frivolous or malicious actions, the court may bar him from proceeding IFP in this court. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (discussing bar order requirements).

Accordingly, because of the deficiencies in plaintiff's IFP application and complaint, his request to proceed IFP should be denied and this action dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A proposed Order of Dismissal accompanies this Report and

/ / /

01 Recommendation.

02 DATED this 26th day of April, 2007.

*/s/ Mary Alice Theiler*
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3